## AUGUST PECK v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

November 26, 1915.

Nos. 19,425—(91).

**Railway — rule of company — charge to jury.**

Plaintiff, the conductor of a freight train, threw a switch to permit the engine of his train to run upon a side track. After throwing the switch he stepped upon the track, stumbled and fell, and was run over by the engine. The engineer had no right to move the engine forward without a signal from plaintiff. Whether plaintiff gave such signal was the question of fact submitted to the jury; and they were instructed that if he did, he was not entitled to recover; that if he did not, he was entitled to recover. He testified that, in accordance with custom and a rule of defendant, he was crossing the track to give the signal from the side of the track opposite the switch stand. It is *held:*

(1) That defendant's rule requiring the one throwing the switch to lock it and take position on the opposite side of the track when a train is to be switched upon a side track, was properly received in evidence even if this engine did not constitute a train.

(2) That the court committed no reversible error in permitting the jury to determine whether such rule applied in the present case, nor in referring, in the charge, to plaintiff's testimony concerning the custom to cross the track.

Action in the district court for Ramsey county to recover $50,000 for personal injury received while in the employ of defendant. The case

[1]Reported in 154 N. W. 1075.

was tried before Olin B. Lewis, J., and a jury which returned a verdict for $14,000. From an order denying its motion for a new trial defendant appealed. Affirmed.

*Edward C. Stringer, McNeil V. Seymour* and *Edward S. Stringer,* for appellant.

*Samuel A. Anderson* and *Chester L. Nichols,* for respondent.

TAYLOR, C.

This is an appeal by defendant from an order denying a new trial after a verdict for plaintiff in an action to recover for personal injuries.

Plaintiff was the conductor of one of defendant's freight trains and was directed to "pick up" certain cars at a way station. When the train reached this station the engine was uncoupled from it to do the necessary switching, and was run down and stopped within a few feet of the switch leading to the track from which the cars were to be taken. The switch stand was on the right hand or engineer's side of the track. Plaintiff threw the switch. He then started to cross the track in front of the engine, and the engine started forward; he stumbled and fell and the front part of the engine passed over him inflicting severe injuries.

It is conceded that the engineer had no right to start the engine until plaintiff gave the signal to come ahead. The engineer and the brakeman testify that he gave such signal; plaintiff testifies that he did not—that he was passing to the other side of the track to give the signal from the other side. The court instructed the jury that, if they found that plaintiff gave the signal to come ahead, they should return a verdict for defendant; that, if they found that he did not give such signal, they should return a verdict for plaintiff. By their verdict, the jury necessarily found that plaintiff had not given the signal.

In explaining why he attempted to cross the track before giving the signal, plaintiff testified that such was the custom in accordance with a rule of the company. This rule was offered and received in evidence, and provides among other things that, "whenever a train is moving from main track to siding," the employee attending the switch, "will, after locking it to main track, if on single track, take position on the opposite side of the track from the switch stand." This was a single track. Defendant insists, however, that the rule applies only to *trains;* that an

engine constitutes a train, as defined by the rules, only when it displays markers to show that it is running alone without cars; that this engine displayed no markers and that the rule did not apply to it for that reason and should not have been received in evidence.

The rule speaks of trains, but contains no other provision designating the position to be taken by the switchman in case of engines or cars which do not constitute a technical train, and it was properly received in evidence in connection with plaintiff's explanation of his conduct, whether the engine was or was not, technically, a train.

Defendant also complains of the charge of the court in two particulars: First. That the court left it to the jury to determine whether the rule cited applied in this case. Second. That the court called attention to the evidence of plaintiff tending to show a custom to cross the track under such circumstances without specifically calling attention to defendant's evidence tending to show that there was no such custom.

The issue for the jury to determine was whether plaintiff did or did not give the signal to "come ahead." The conclusion reached by them did not depend upon the rule, nor upon the custom. Neither was important except as tending to show whether the claim of plaintiff or that of defendant was the more probable. The jury had the right to take the rule into consideration in weighing plaintiff's testimony that he had not given the signal and intended to cross the track before doing so; and permitting them to determine whether such rule applied in this case was without prejudice to defendant.

In the other paragraph of the charge assigned as error the court stated that the plaintiff "has offered evidence tending to prove that it was a general and uniform custom of the employees of the company under such circumstances, after throwing the switch, to cross to the other side of the track before giving the 'come ahead' signal. You have heard the evidence upon this question." Defendant had presented testimony tending to show that under such circumstances it was the custom to give such signals from the engineer's side of the track, when practicable to do so, in order to give them direct to engineer without having them repeated by others. The closing remark of the court: "You have heard the evidence upon this question," we think would be understood by the jury as referring to the evidence on the part of defendant as well as that on the

part of plaintiff. While stress should not, ordinarily, be placed upon the evidence of one party without calling attention to the contradictory evidence of the other party, we think that the court committed no substantial offense against this rule. Our conclusion is that the record discloses no reversible error.

Order affirmed. ——————————